09-cv-888

# IN THE UNITED STATE DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID HALL
(PLAINTIFF)

V.

CITY OF PHILADELPHIA
PHILADELPHIA POLICE DEPARTMENT
MICHAEL MARESCA
JOSEPH McCAULEY
CHARLES SCOLLON
(DEFENDANTS)

## COMPLAINT

DTAE: FEBRURARY 20, 2009

RESPECTFULLY SUBMITTED,

*David Hall*

DAVID HALL
(PLAINTIFF)
REG NO: 60067-066
P.O. BOX # 420
F.C.I. FAIRTON
FAIRTON N.J. 08320

JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 US 388, Article III, Section 2, Clause 1, of the United States Constitution, 28 USC § 1331, 1346, 1356, 2201, 2202, 18 USC § 1964(c), and 42 USC §§ 1981, 1983, 1985.

VENUE

2. Venue is proper in this district pusuant to 28 USC § 1402(a)(1).

PARTIES

3. The Plaintiff, David Hall, is an individual and resident of Pennsylvania.

4. The Defendants are the City of Philadelphia ("City"), a municipal corporation, located within the Commonwealth of Pennsylvania is being sued under Respondent Superior, the Philadelphia Police Department ("Police Dept."), is a department of Defendant the City responsible for enforcing the laws of the City and the Commonwealth of Pensylvania is being sued under Respondent Superior, Defendant Michael Maresca ("Maresca") is an individual and an employee of the City assigned to work at the Police Dept. and is being sued in his official and personal capacity, Defendant Joseph McCauley ("McCauley"), is an individual and an employee of the City

assigned to work in the Police Dept., and is being sued in his official and personal capacity, Defendant Charles Scollon ("Scollon"), is an individual and an employee of the City assigned to work in the Police Dept., and is being sued in his official and personal capacity.

Constitutional and Statutory Provisions Involved

5. The Fourth Amendment commands and declares, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated"

6. 18 USC § 1962(c) reads in relevant part "[i]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity..."

7. 18 USC § 1962(d) reads in relevant part, "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsection (a),(b), or (c) of this section.

8. 42 USC § 1985(2) states in relevant part,"if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any state...with intent to deny any citizen the equal protection of the laws, ..."

9. 42 USC § 1985(3) reads in relevant part, "If two or more persons in any State...conspire...on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under laws, or for the purpose of preventing or hindering the constituted authorities of any State...from giving or securing to all persons within such State...the equal protection of the laws;..."

FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10. From in and about 2005 up to and including the filing of this complaint Defendants Maresca, McCauley, and Scollon have been and continue to be apart of a secret society of police officers in the Narcotics Field Unit, with the principal purpose of earning money, maintaining and increasing their position in an enterprise engaged in rackeetering activity. This secret society operated within the Philadelphia Police Department's Narcotics Field Unit. As part of their participation in Narcotics Field Unit, this secret society, the members including Defendants Maresca, McCauley, Scollon, and others known and unknown to Plaintiff, used various unlawful acts to achieve the objects of the conspiracy, including unlawfully seizing minority males, at gun point, fabrication of evidence, and the use of City issued semi-automatic weapons to enforce compliance. In many instances the Defendants and uncharged co-conspirators would manipulate

police reports, falsify affidavits, and other computer generated documents submit them to City and federal judges, and grand and petit juries.

11. It is a part of Defendants Maresca, McCauley and Scollon employment to arrest individuals for violations of the laws of the City, and the Commonwealth of Pennsylavania. As part of their employment, Defendants frequently prepared official reports, detailing the facts that gave rise to an arrest of any individual(s). These documents were frequently used in investigations by federal grand juries and before petit juries in federal court. Defendants Maresca, McCauley, and Scollon swore under oath to facts in order to obtain search and arrest warrants from judges employed by the City. Further, it was part of their employment to testify under oath before both federal and state grand juries and this was usually after a meeting with uncharged co-conspirators, of the DEA, FBI, ATF and US Attorneys' Office.

12. Upon information and belief, Defendants and uncharged co-conspirators of the Narcotics Field Unit have provided false testimony and evidence in excess of 1000 cases involving narcotics. Defendants City of Philadelphia and Philadelphia Police Department breeded an environment of tolerance and was deliberately indifferent to the unlawful acts by the Narcotics Field Unit of the Police Department.

13. Upon information and belief, Defendants and uncharged co-conspirators have given false testimony concerning material

facts before federal and state judges. To include false testimony concerning facts surrounding the arrest of citizens including Plaintiff.

14. Upon information and belief Defendants Maresca, McCauley, Scollon and uncharged co-conspirators have falsified documents in over 1000 criminal and civil cases, wherein minority and low income citizens were involved.

15. Upon information and belief, Defendants City of Philadelphia and Philadelphia Police Department is aware of these activities and as of the filing of this complaint has done nothing to stop the illegal activities of the rogue secret society of the Narcotics Field Unit or to take appropriate steps to remedy the harm done to those citizens including Plaintiff, nor have they taken steps to prevent it's recurrence.

## PREDICATE ACTS

16. On or about September 6, 2005, Defendants Maresca and McCauley, in the Eastern District of Pennsylvania under color of authority did knowingly, unlawfully, and intentionally, seize, confine, kidnap, abduct, and carry away Plaintiff against his will and caused his person to be transported across state boundaries, specifically, the boundaries of Pennsylvania and New Jersey, in violation of 18 USC §§ 1201 and 2.

17. On or about October 6, 2006, Defendants Maresca and McCauley in the Eastern District of Pennsylvania, did confederate, combine and conspire together and with one another and others known and unknown to Plaintiff, to alter, destroy and conceal an object namely the initial police report detailing the unlawful seizure Plaintiff violation of 18 USC §§ 1512(k) and 2.

18. On or about October 6, 2006, Defendants Maresca, in the Eastern District of Pennsylvania, knowingly and corruptly persuaded Defendant McCauley, and another unnamed police officer, to engage in misleading conduct with the intent to alter, destroy, mutilate and conceal an object namely, the initial police report detailing the arrest of Plaintiff in violation 18 USC § 1512(b)(2)(B).

19. On or about October 6, 2005, Defendants Maresca, McCauley, and Philadelphia Police Department via its employees, in the Eastern District of Pennsylvania, did corruptly alter, destroy and conceal a record document with the intent to impair the object's integrity, and availability for use in an official proceeding, and thereby obstructed, influenced, and impeded an official proceeding, namely a federal grand jury, investigating Plaintiff and others.

20. On or about January 4, 2006, Defendant Scollon knowingly, intentionally, unlawfully and corruptly impeded an official proceeding namely a grand jury investigating Plaintiff for violation of federal laws, in violation of 18 USC § 1512(c)(2).

21. On or about September 6, 2005, Defendant Michael Maresca, in the Eastern District of Pennsylvania and elsewhere, did unlawfully take personal property from Plaintiff, namely, US Currency and celluar phones, by extortion and robbery, affecting commerce in violation of 18 USC § 1951(a) and 2.

COUNT ONE

22. Plaintiff restates and realleges all previous paragraphs and incorporates them herein by reference.

23. On or about September 6, 2005, up to and including the filing of this complaint in the Eastern District of Pennsylvania and elsewhere, Defendants Maresca, McCauley, and Scollon, being employed by an enterprise, namely, City of Philadelphia, such enterprise being engaged in and whose activities affecting interstate commerce, did knowingly, intentionally, and unlawfully conduct and participate directly and indirectly, the affairs of the enterprise through a pattern of racketeering activity in violation of 18 USC §§ 1962(c) and 2.

COUNT TWO

24. Plaintiff restates and realleges all previous paragraphs and incorporates them herein by reference.

25. From about 2000 up to and including the filing of this complaint, in the Eastern District of Pennsylvania and elsewhere, Defendants, confederated, combined, agreed, conspired, together and with one another to violate 18 USC § 1962(c) as described above, in violation of 18 USC §§ 1962(d) and 2.

COUNT THREE

26. Plaintiff restates and realleges all previous paragraphs and incorporates them herein by reference.

27. On or about September 6, 2005, up to and including the filing of this complaint, in the Eastern District of Pennsylvania and elsewhere, Defendants Maresca and McCauley did knowingly, intentionally, and unlawfully, bind, chain, tie and abduct, carry away, and seize under color of law and authority, Plaintiff and in violation of the Fourth and Fourteenth Amendment to the Constitution.

COUNT FOUR

28. Plaintiff restates and realleges all previous paragraphs and incorporates them herein by reference.

29. On or about September 6, 2005 and up to an including the filing of this complaint, Defendants, in the Eastern District of Pennsylvania and elsewhere did confederate, combine, conspire together and with one another to deprive Plaintiff of his Civil and Constituitonal rights and privileges based on his race and gender, when they unlawfully seized his person and property and then gave false evidence both documentary and testimonial in furtherance of the object of the conspiracy which was to arrest young black males, unlawfully and obtain convictions, in federal and state courts, under color of law and authority in violation of the Fourth Amendment to the United States Constitution, 42 USC § 1985 and 18 USC § 2.

WHEREFORE, Plaintiff David Hall, respectfully demands that judgment be entered against Defendants in the amount $100 Million Dollars.