IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID HALL                          :      CIVIL ACTION
                                    :
        v.                          :
                                    :
CITY OF PHILADELPHIA, et al.        :      NO. 09-888

MEMORANDUM

Bartle, C.J.                                          May 19, 2010

Before the court is the motion of defendants to dismiss the amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants contend that the majority of Hall's claims are time-barred, that the amended complaint fails to state a claim for relief, and that Hall's claims amount to an unallowable collateral attack on his conviction. Hall also has before the court a motion to amend further his amended complaint.

Hall, acting pro se, filed his original complaint on February 27, 2009. He subsequently filed an amended complaint on March 16, 2009, which incorporates by reference the counts in his original complaint.[1] On April 6, 2010, the court received a letter-motion from Hall requesting permission to file a second amended complaint because he had recently discovered documents relevant to the case that identified another defendant. On

---

1. For the sake of clarity, we will refer to the counts found in the original complaint as Counts 1, 2, 3, and 4 and the additional count found in Hall's amendment as Count 5. In his amended complaint, Hall has denoted that count as Count One.

April 7, 2010, the court denied this motion without prejudice and permitted Hall until April 22, 2010 to file a formal motion to amend with his proposed second amended complaint attached. Hall filed such a motion on April 27, 2010.

I.

We first turn to the defendants' motion to dismiss Hall's amended complaint. In that pleading, Hall alleges that the City of Philadelphia, the Philadelphia Police Department, and police officers Michael Maresca, Joseph McCauley, and Charles Scollon violated his federal rights. Count 1 of Hall's original complaint contains claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, et seq. He alleges defendants' participation in an unlawful "enterprise through a pattern of racketeering activity in violation of 18 USC §§ 1962(c) and 2." Count 2 further avers that defendants "confederated, combined, agreed, conspired, together and with one another to violate 18 USC § 1962(c) as described above, in violation of 18 USC §§ 1962(d) and 2." Count 3 alleges defendants' unlawful seizure of Hall on September 6, 2005 in violation of his Fourth and Fourteenth Amendment rights. In Count 4, he pleads a conspiracy among defendants "to deprive Plaintiff of his Civil and Constitutional rights and priviledges based on his races and gender" by unlawfully seizing him and giving false evidence "in furtherance of the object of the conspiracy which was to arrest young black males, unlawfully and obtain convictions." Finally, Count 5 makes a claim of unlawful

arrest and incarceration without due process of law in violation of his Fourteenth Amendment rights.

According to Hall's amended complaint, on or about September 6, 2005, defendants Maresca and McCauley unlawfully seized him and caused him to be transported across state boundaries after they arrested him. They then conspired to alter, destroy and conceal an initial police report that detailed the circumstances of his unlawful seizure. He further claims that defendant Scollon impeded the grand jury investigation of him by presenting a falsified version of that police report. Hall maintains that defendant Maresca unlawfully seized his money and cellular telephones during his arrest. Finally, these incidents were purportedly part of a larger conspiracy throughout the City of Philadelphia to arrest and obtain convictions unlawfully against young black males.

For purposes of a motion to dismiss under Rule 12(b)(6), we must take all well-pleaded facts as true and draw all reasonable inferences in the plaintiff's favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). We also may consider undisputed documents alleged or referenced in the complaint. See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993); see also Faulkner v. Beer, 463 F.3d 130, 133-35 (2d Cir. 2006); Kaempe v. Myers, 367 F.3d 958, 965 (D.C. Cir. 2004); Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001).

Defendants first argue that Hall's claims for unlawful seizure and arrest (Counts 3 and 5) and conspiracy to seize unlawfully young, black males, including Hall, and convict them through the use of false evidence (Count 4) are time-barred. These claims brought under 42 U.S.C. §§ 1981, 1983, and 1985 are subject to the appropriate statute of limitations of Pennsylvania, the forum state. See Wilson v. Garcia, 471 U.S. 261, 266-67 (1985). Pennsylvania has a two-year statute of limitations for false arrest, false imprisonment, malicious prosecution, malicious abuse of process, and personal injury. See 42 Pa. Cons. Stat. Ann. § 5524; Owens v. Okure, 488 U.S. 235 (1989).

Hall does not dispute that the clock has run on his claims for unlawful arrest and seizure and conspiracy to convict him falsely. Hall's amended complaint alleges that his arrest took place on September 6, 2005. It also avers that defendants Maresca and McCauley destroyed the original police report from that incident and forged a new one to present to the grand jury on October 6, 2006. In order to bring timely claims for unlawful arrest or seizure and conspiracy to convict him falsely, Hall was required to file his complaint no more than two years after each claim accrued. Instead, Hall waited until February 27, 2009 to file his original complaint. Thus, Hall's claims for unlawful arrest and seizure (Counts 3 and 5) and conspiracy (Count 4) are barred by the statute of limitations. We will dismiss these claims as out of time.

Defendants argue that Hall's remaining claims (Counts 1 and 2), which are brought under RICO, must be dismissed because they constitute an impermissible collateral attack on his conviction and imprisonment.

It is undisputed that Hall was found guilty by a jury on July 31, 2006 of: (1) conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 18 U.S.C. § 846 (Count 1); (2) possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 2); and (3) possession with intent to distribute 500 grams or more of cocaine within 1,000 feet of a school, in violation of 21 U.S.C. § 860(a) (Count 3). On December 18, 2006, Hall was sentenced to 280 months' imprisonment.

Hall's conviction was affirmed by the Court of Appeals for the Third Circuit. See United States v. David Hall, 280 Fed. App'x 241, Crim. No. 06-5106 (3d Cir. May 27, 2008). Thereafter, Hall sought a writ of certiorari from the United States Supreme Court, which was denied. 129 S. Ct. 438 (2008). Hall more recently filed a § 2255 habeas petition. It too was denied. See United States v. David Hall, Crim. No. 06-002, Civ. No. 09-4618. Hall has not come forward with any evidence of executive expungement.

In Heck v. Humphrey, the United States Supreme Court held:

> In order to recover damages for allegedly
> unconstitutional conviction or imprisonment,
> or for other harm caused by actions whose
> unlawfulness would render a conviction or
> sentence invalid, a § 1983 plaintiff must
> prove that the conviction or sentence has
> been reversed on direct appeal, expunged by
> executive order, declared invalid by a state
> tribunal authorized to make such
> determination, or called into question by a
> federal court's issuance of a writ of habeas
> corpus, 28 U.S.C. § 2254.

512 U.S. 477, 486-87 (1994). For each claim of unconstitutional conviction or imprisonment, a district court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id.; see also Gibson v. Superintendent of N.J. Dep't of Law & Pub. Safety - Div. of State Police, 411 F.3d 427, 447 (3d Cir. 2005).

Counts 1 and 2 of Hall's amended complaint allege that defendants Maresca, McCauley, and Scollon, as well as the City of Philadelphia, committed RICO violations. 18 U.S.C. § 1962. Hall does not elaborate on the basis for his RICO claims, but does incorporate by reference the previous paragraphs in which he alleges unlawful seizure of his person, alteration and destruction of a police report, impairment of a grand jury investigation, and unlawful seizure of his property.

Challenges to allegedly unconstitutional searches and seizures are allowable if finding them unlawful will not

necessarily invalidate a prisoner's conviction. See <u>Nelson v. Campbell</u>, 541 U.S. 637, 647 (2004). In certain circumstances, the weight of evidence produced at trial may be sufficient to sustain the validity of a conviction even in the face of an unconstitutional search or seizure and such challenges can proceed. However, here the government's entire case hinged on the police officers' plain view identification of Hall in possession of two kilograms of cocaine. Without that search and seizure, Hall could not have been convicted. Were we to find that such a conspiracy to convict Hall occurred and that the seizure of his person and the drugs were unconstitutional, we would be finding that no valid evidence of his guilt existed, and we would necessarily deem his conviction to be invalid. As such, Hall's RICO claims (Counts 1 and 2) mount an impermissible collateral attack on his conviction and must be dismissed.

## II.

Hall has also moved for leave to file a second amended complaint. In his motion to amend, Hall states that he had recently discovered a 2002 report from the Police Integrity and Accountability Office that warned about corruption in the Philadelphia Police Department. His proposed second amended complaint seeks to add Lieutenant Michael McNicholas as a defendant as well as unnamed John and Jane Doe defendants who work for the city and the police department. Hall alleges that the officers of the Philadelphia Police Department engaged in a conspiracy

> to commit felonious acts of violence against inhabitants of the City of Philadelphia and to maintain and increase the conspirators' position in the Narcotics Unit and to promote and further the Narcotics Unit, and enrich themselves through unwarranted overtime pay and stealing cash and other valuables from arrestees and their homes, cars, and businesses that were searched by the conspirators including Defendants.

He avers that the defendants falsified official documents and made false sworn statements in furtherance of this conspiracy. The complaint also contains allegations of unlawful possession of firearms, sexual assault, attempted murder, assault, and unlawful arrest by defendant police officers. The proposed second amended complaint contains two counts, each of which alleges a civil violation of RICO, 18 U.S.C. § 1962(c) and (d).

The government has opposed Hall's motion to amend on the grounds that the proposed second amended complaint fails to state a claim for relief and would not survive a motion to dismiss. We agree.

Under Rule 15 of the Federal Rules of Civil Procedure, a court should freely give leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15 (2010). However, a court may deny leave to amend if doing so would be futile because the proposed amendment fails to state a claim or is barred by the statute of limitations. See Foman v. Davis, 371 U.S. 178, 182 (1962); Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000); Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).

Just as with the civil RICO violations presented in Hall's amended complaint, the proposed second amended complaint amounts to an impermissible collateral attack on Hall's conviction.  See Heck v. Humphrey, 512 U.S. 477 (1994).  As we explained above, any finding that such a conspiracy existed would necessarily imply the invalidity of Hall's conviction since his conviction would have been based on perjured testimony and tampered evidence.  It would be futile to allow Hall to amend his amended complaint when his latest proposed pleading would necessarily be dismissed on the same grounds as his amended complaint.

Hall has had numerous opportunities to challenge his conviction through direct appeal and habeas corpus proceedings under § 2255.  His attempts have all failed, and the validity of his conviction has been sustained throughout his travels in the federal courts.  We cannot now allow him to undermine this legitimately-obtained conviction through a civil lawsuit.

Hall's proposed second amended complaint is futile because it fails to state a claim upon which relief can be granted.  We will deny his motion to amend.